# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 31, 2022

Lyle W. Cayce
Clerk

No. 20-20639
Summary Calendar

Sean D. Jones,

*Plaintiff—Appellant*,

*versus*

Houston Police Department; Harris County Sheriff
Department; City of Houston; Harris County,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-4484

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

In 2018, Sean D. Jones, Texas prisoner # 2225017, filed a civil rights action under 42 U.S.C. § 1983 against various defendants, raising claims of false arrest and false imprisonment arising from an incident occurring in

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20639

September 2013, which resulted in his spending months in jail prior to his acquittal in early 2014. The district court concluded that Jones's claims were filed more than two years after the complained-of events and were thus barred by limitations. *See Owens v. Okure*, 488 U.S. 235, 249–50 (1989); Tex. Civ. Prac. & Rem. Code § 16.003(a). Alternatively, the court ruled that Jones could not succeed on the merits; the court ultimately dismissed the complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

Jones has now filed a motion for authorization to proceed *in forma pauperis* (IFP) on appeal. By moving in this court to proceed IFP, he is challenging the district court's certification under 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3)(A) that any appeal would not be taken in good faith because, for the reasons relied upon in the order and judgment, Jones will not present a nonfrivolous appellate issue. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Before this court, Jones argues that he is financially eligible to proceed IFP, and he makes no challenge to the district court's conclusion that his complaint is barred by the applicable limitations period. His failure to identify any error in the district court's analysis constitutes an abandonment of such claims. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Because the appeal is frivolous, his motion to proceed IFP is DENIED and the appeal is DISMISSED. *See* 5th Cir. R. 42.2. Jones's motion for appointment of counsel on appeal is DENIED. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532,

No. 20-20639

537 (2015).  Jones is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).